to intentional misrepresentation was improper.

**Negligence *Per Se.*** I would find it error to grant summary judgment as to the negligence *per se* claims. CenterPoint did not conclusively prove the tariff does not conflict with the state and federal statutes alleged to have been violated and, under traditional summary-judgment standards, it had the burden to do so.

**Gross Negligence.** I join Justice Christopher's opinion as to Section C in reversing the grant of summary judgment on the gross-negligence claim in whole. As discussed above, I join Justice Christopher's opinion in finding that *Grant* governs the issue of enforceability of the tariff.

## OPINION

Opinion by Justice FITZGERALD.

Relator contends the trial court violated a ministerial duty by not following a prior order of this Court. The facts and issues are well known to the parties, so we need not recount them herein. Based on the record before us, we conclude relator has not shown he is entitled to the relief requested. *See* TEX.R.APP. P. 52.8(a); *Simon v. Levario*, 306 S.W.3d 318, 320–21 (Tex. Crim.App.2009) (orig. proceeding); *State of Tex. ex rel. Hill v. Court of Appeals for the Fifth Dist.*, 34 S.W.3d 924, 927 (Tex. Crim.App.2001) (orig. proceeding). Accordingly, we **DENY** relator's petition for writ of mandamus.

**In re John Wesley PATTERSON, Relator.**

No. 05–13–01534–CV.

Court of Appeals of Texas, Dallas.

Dec. 2, 2013.

John Patterson, pro se.

Greg Willis, Collin County Dist. Atty., McKinney, for real party in interest.

Before Justices FITZGERALD, LANG, and MYERS.

**Ralph O. DOUGLAS, Appellant**

v.

**Marisa A. MOFFETT and Kyle A. Thornton, Appellees.**

No. 14–12–00321–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 3, 2013.

Rehearing Overruled Jan. 14, 2014.

